**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02748-NYW

THE FIRST CHURCH OF THE NAZARENE OF COLORADO SPRINGS, COLORADO,

     Plaintiff,

v.

GUIDEONE MUTUAL INSURANCE COMPANY,

     Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on the following:

(1) Defendant's Motion for Summary Judgment on Bad Faith Claims ("Defendant's Motion for Partial Summary Judgment") [#33], filed November 13, 2020;

(2) Defendant's Motion to Confirm the Initial Appraisal Award and Strike the Disputed Appraisal Award ("Motion to Confirm the Initial Award" or "Motion to Confirm") [#34], filed November 13, 2020; and

(3) Plaintiff's Motion for Partial Summary Judgment [#35], filed November 13, 2020.

Pursuant to the Order of Reference dated November 22, 2019 [#16], this civil action was assigned to the undersigned Magistrate Judge for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. The Motions for Partial Summary Judgment are fully briefed [#41, #43, #47, #48], and the Motion to Confirm is fully briefed [#42, #49] and argued [#65].[1]

---

[1] In anticipation of the Oral Argument Hearing on the Motion to Confirm held on May 27, 2021 [#65], Plaintiff filed "Supplemental Authorities and Exhibits" ("Supplement") [#62] on May 20, 2021, to which Defendant objected [#63], and Plaintiff responded [#64]. I address the court's consideration of the Supplement below. *See infra* note 7.

Being fully advised of the premises, this court respectfully **GRANTS IN PART and DENIES IN PART** Defendant's Motion for Partial Summary Judgment; **DENIES** Defendant's Motion to Confirm; and **DENIES** Plaintiff's Motion for Partial Summary Judgment.

**BACKGROUND**

On July 25, 2019, Plaintiff The First Church of the Nazarene of Colorado Springs, Colorado ("Springs First" or "Plaintiff") initiated this action against Defendant GuideOne Mutual Insurance Company ("GuideOne" or "Defendant") in Denver District Court. [#1-1]. Springs First alleges that GuideOne has improperly delayed and denied payment of insurance benefits owed under an insurance policy between the Parties related to roof damage caused by a hailstorm on July 28, 2016. [*Id.*].

According to the Complaint, GuideOne issued Springs First an insurance policy for commercial property coverage on March 14, 2016 (the "Policy"). [*Id.* at ¶¶ 15-16]. The Policy provided commercial property insurance coverage from March 3, 2016 through March 3, 2017. [*Id.* at ¶ 16]. Under the Policy, Springs First paid an annual premium of $19,058.00, [*id.* at ¶17], in return for GuideOne coverage for, *inter alia*, direct physical loss of or damage to Springs First buildings (the "Buildings") by or resulting from any covered peril, including hail. [*Id.* at ¶18].

On July 28, 2016, Colorado Springs suffered one of the most damaging hailstorm events in Colorado history. [#1-1 at ¶ 19]. As a result of the hailstorm, the roofs on each of Spring First's buildings sustained severe damage. [*Id.* at ¶ 20]. Springs First promptly notified GuideOne of its claimed loss from the July 28, 2016 hailstorm. [*Id.* at ¶ 28]. A GuideOne agent, Patrick Mollner ("Mr. Mollner"), subsequently conducted a brief inspection of the Buildings, after which GuideOne tendered an initial payment to Springs First on August 19, 2016. [*Id.* at ¶ 29]. However, according to Springs First, "it became apparent that [GuideOne] had no good faith interest in

performing a reasonable investigation, or generating a reasonable estimate of necessary repair costs," [*id.* at ¶ 29] and GuideOne instead (a) failed to reasonably investigate following the loss date; (b) failed to reasonably evaluate information submitted by Springs First and its roofing contractor; (c) delayed the claims adjustment process; (d) tendered inadequate payments despite admission that additional damages were not disputed; (e) delayed payment despite recognizing the full scope of necessary roofing repairs or replacement; (f) invoked appraisal 16 months after the loss date in an effort to prolong and delay resolution of the claim; and (g) continuously fails and refuses to pay covered benefits under the Policy. [*Id.* at ¶ 30].

Springs First contacted a local roofing company, High Point Roofing, to assess its insurance claim and estimate the work necessary to repair or replace the Buildings' roofs. [*Id.* at ¶ 33]. High Point Roofing concluded that a total roof replacement was necessary and that the estimate and payment made by GuideOne was woefully insufficient. [*Id.* at ¶ 34]. High Point Roofing's most recent assessment, dated June 29, 2019, estimates replacement costs totaling $967,645 for the metal roof ($713,550) and shingle roof ($254,095). [*Id.* at ¶ 35 (citing [#1-1 at 203–211])].

Five months after the loss date, and in response to High Point Roofing's estimate, GuideOne sent Mr. Mollner to reinspect the Buildings. [*Id.* at ¶ 36]. Based on his reassessment, Mr. Mollner concluded that replacement of 917 unspecified asphalt shingles would adequately repair the Buildings. [*Id.* at ¶ 37]. Four months later, GuideOne engaged RMC Group ("RMC") to support Mr. Mollner's internal estimate and, in turn, RMC recommended that GuideOne engage a roof engineer to examine the overall damage to and repairability of the Buildings' roofs. [*Id.* at ¶¶ 38, 40]. In an email sent to Springs First pastor Jerry Scroggins ("Pastor Scroggins") shortly thereafter, a GuideOne employee advised that "[t]he only change to the scope could be in your

favor, if the engineer states the shingles are not repairable. The metal is not in question." [*Id.* at ¶ 41 (citing [*id.* at 212–13])].

On or about May 15, 2017, RMC and Nelson Forensics inspected the Buildings. [*Id.* at ¶ 43]. In so doing, RMC and Nelson Forensics refused to examine test squares prepared by High Point Roofing; discuss their procedures; or discuss their methodology with High Point Roofing or Springs First representatives. [*Id.*]. Approximately one month later, and 11 months after the July 28 hailstorm, RMC provided GuideOne with a repair cost estimate totaling $188,062.99 for the replacement of the shingle roof ($18,562.99) and metal roof ($169,500.00). [*Id.* at ¶ 44 (citing [#1-1 at 214–222])].

On July 7, 2017, GuideOne sent a letter to Springs First declaring a "settlement" of the insured's claim for the estimated amounts submitted by RMC and Nelson Forensics. [*Id.* at ¶ 45]. Springs First contends that GuideOne knew or recklessly disregarded the fact that its payments to Springs First through July 2017 were woefully insufficient to pay for the costs of repairing the damaged Buildings. [*Id.* at ¶ 46].

On July 23, 2017, by naming Dustin Smoot ("Mr. Smoot") of PIE Consulting and Engineering ("PIE Consulting") as its appraiser, GuideOne "misrepresented" to Springs First that it had invoked the appraisal provisions of the Policy. [*Id.* at ¶ 48 (citing [#1-1 at 223–26])]. In response to immediate questions from Springs First regarding appraisal, a GuideOne employee declined to answer any questions and stated that "once the appraisal process is initiated we have relinquished our handling to our appraiser and the umpire." [*Id.* at ¶ 49 (citing [#1-1 at 227–28])]. Four months later, on November 17, 2017, GuideOne actually initiated appraisal. [*Id.* at ¶ 51 (citing [#1-1 at 234–35])]. According to Springs First, at the time of filing the instant action more than 20 months later, the appraisal process had yet to determine any award. [*Id.* at ¶ 52].

Based on the foregoing allegations, Springs First asserts three claims for relief against GuideOne, including (1) breach of contract ("Count I") [*id.* at ¶¶ 61–68]; (2) common law bad faith breach of insurance contract ("Count II") [*id.* at ¶¶ 69–77]; and (3) statutory bad faith breach of insurance contract ("Count III") [*id.* at ¶¶ 78–86].  GuideOne removed this action to the United States District Court for the District of Colorado on September 25, 2019, *see* [#1].

On January 6, 2020, Springs First filed an Amended Complaint [#20], but later withdrew its Amended Complaint during a Status Conference held on March 12, 2020 [#22].  Thus, the original Complaint remains the operative pleading in this action. [#1-1].  The Parties proceeded through discovery and, on November 13, 2020, filed the three pending dispositive motions.  *See* [#33, #34, #35].  The Parties have filed Responses [#41, #42, #43] and Replies [#47, #48, #49] to the pending Motions.  This court also held an Oral Argument Hearing on the Motion to Confirm on May 27, 2021. *See* [#56].  The Motions are thus ripe for determination.

## LEGAL STANDARDS

### I.   Summary Judgment[2]

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  "A 'judge's function' at summary judgment is not

---

[2] Although one of the motions is characterized as a Motion to Confirm and relies on arguments regarding contract interpretation [#34], GuideOne does not identify the procedural rule under which it proceeds for relief.  The determination of the Motion actually relies not on the interpretation of the contractual terms, but whether the July 2019 Appraisal Award Form [#34-3] is binding.  That determination turns on facts and, if the Motion to Confirm was granted, would materially impact the pending Motions for Partial Summary Judgment.  Indeed, the arguments reflected in the Motion to Confirm could have easily been incorporated into Defendant's dispositive motion.  Thus, this court finds that the application of Rule 56 of the Federal Rules of Civil Procedure is the appropriate framework for the Motion to Confirm.

'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248–49. *See also Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In reviewing a motion for summary judgment, the court views all evidence in the light most favorable to the non-moving party. *See Garrett v. Hewlett-Packard Co.,* 305 F.3d 1210, 1213 (10th Cir. 2002). However, the nonmovant "may not rest upon mere allegation or denials of [the] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Conclusory statements based merely on speculation, conjecture, or subjective belief are not competent summary judgment evidence. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [its] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998).

Ultimately, however, the court may not enter summary judgment unless the movant carries its burden under Rule 56 of the Federal Rules of Civil Procedure. *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002). *See also* Fed. R. Civ. P. 56(a). Where the burden of persuasion at trial would be on the nonmovant, "the movant may carry its initial burden by providing 'affirmative evidence that negates an essential element of the nonmoving party's claim' or by 'demonstrat[ing] to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.'" *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 994 (10th Cir. 2019) (quoting *Celotex*, 477 U.S. at 331, 106 S. Ct. 2548).

## UNDISPUTED MATERIAL FACTS

### I.    Procedural Matters

At the outset, this court addresses both Parties' non-compliance with the undersigned's Civil Practice Standards. Pursuant to the practice standards of this judicial officer,

> All motions for summary judgment must contain a Statement of Material Facts section. Each identified fact must contain citations to specific evidence in the record that purportedly support the corresponding fact. All responses must contain a Response to Statement of Material Facts Section that must admit or deny each identified fact with citations to evidence in the record, and responses may also include a Statement of Additional Material Facts section with citations to specific evidence in the record, if necessary. To the extent a response contains a Statement of Additional Material Facts, all replies must similarly respond to said facts with citations to specific evidence in the record, but may not include any additional facts not already offered in the motion or response. Failure to adhere to this requirement may result in the court striking the motion for summary judgment, response, or reply without substantive consideration.

NYW Civ. Practice Standard 56.1.  In their respective Motions for Summary Judgment and briefing of the same, both Parties fail to comply with the foregoing Practice Standard, and more importantly, Rule 56 of the Federal Rules of Civil Procedure.  For example, neither Party includes a separate, appropriately-titled "Statement of Material Facts" section in their respective Motions for Partial Summary Judgment [#33, #35].  The Parties similarly fail to include separate sections

titled "Response to Statement of Material Facts" and "Statement of Additional Material Facts" in their responses and replies, respectively [#41, #42, #47, #48, #49], save for one exception [#43]. More importantly, the Parties repeatedly fail to support factual assertions with citations to specific evidence in the record. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."); *See also* Fed. R. Civ. P. 56(e).

While such conduct is grounds for this court to strike all three of the pending Motions and related briefing without substantive consideration, *see* NYW Civ. Practice Standard 56.1, this court nevertheless considers those facts set forth by the Parties that are properly supported. *See Godin & Baity, LLC v. Markel Ins. Co.*, No. 19-cv-3607-WJM-STV, 2020 WL 5076764 (D. Colo. Aug. 27, 2020). *See also Neely v. McGarry*, No. 03-cv-00616-EWN-PAC, 2006 WL 1749411, at *4 (D. Colo. June 22, 2006) (striking plaintiff's motion for partial summary judgment for failure to follow practice standard); *Race v. Bd. of Cty. Comm'rs*, No. 15-cv-1761-WJM-KLM, 2017 WL 3334647, at *1 n.1 (D. Colo. Aug. 4, 2017) (deeming defendants' statement of facts admitted where plaintiffs failed to provide a paragraph-by-paragraph response to defendants' statement "but instead jump[ed] directly to their version of the story, presented in typical narrative form"); *accord Wilson v. Xiant Tech, Inc.*, No. 19-cv-1849-WJM-NRN, 2021 WL 1662737, at *1 (D. Colo. Apr. 28,

2021).[3]  The court will not scour the record for support that the Parties do not provide expressly. Fed. R. Civ. P. 56(c)(3); *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) ("Without a specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might [support a party's position].")

## II.    Undisputed Material Facts Supported by Evidence

The following undisputed material facts are drawn from the Parties' cross-motions for summary judgment and Defendant's Motion to Confirm the Initial Award.  In some instances, a Party has disputed the proffered material fact, but an examination of the record finds that such dispute is not properly supported by evidence in the record.  Where that is the case, the court has noted the dispute and its analysis.

1.    Plaintiff is a non-profit organization. [#35 at ¶ 1; #43 at ¶ 1].

2.    Defendant is authorized by the Division of Insurance to sell insurance in Colorado. [#35 at ¶ 2; #43 at ¶ 2].

3.    On or about March 14, 2016, GuideOne issued Policy No. 001435-401 (the "Policy") to Springs First. [#35 at ¶ 3; #43 at ¶ 3].

4.    The Policy provides that GuideOne "will pay for direct physical loss of or damage to Covered property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." [#43-1; #35 at ¶ 4; #43 at ¶ 4].

5.    Springs First suffered loss from a hailstorm on July 28, 2016. [#43 at ¶ 5; #43-2;

---

[3] In addition, the Parties proffer many facts which the court does not find relevant to its disposition of the matter.  The court accepts and recounts below only the relevant material facts, disregarding another party's objection as to the correct interpretation of that fact and disregarding those alleged facts which are not relevant or directly supported by evidence.  For ease of reference, the court will cite to the relevant underlying exhibit initially, but future reference to this section will cite to these facts in the following format: "UMF ¶ 1."

#43-3].[4]

6.      GuideOne made actual cash value payments to Springs First on August 19, 2016 and July 7, 2017. [#35 at ¶ 6; #43 at ¶ 6].

7.      On July 23, 2017, GuideOne selected Dustin Smoot ("Mr. Smoot") of PIE Consulting as an appraiser. [#34-1; #34 at ¶ 1].

8.      On February 15, 2019, GuideOne selected Rachel Schmidt ("Ms. Schmidt") of PIE Consulting to proceed with appraisal after Mr. Smoot left PIE Consulting. [#34-2; #34 at ¶ 3].

9.      On July 19, 2019, the Initial Award was signed by the selected umpire, Laura Haber ("Ms. Haber"). [#34-3; #34 at ¶ 4].

10.     The Initial Award also bears Ms. Schmidt's signature, but Ms. Schmidt's signature is undated. [#34-3].

11.     It remains unclear when Ms. Schmidt's signature was affixed to the Initial Award. [#42 at ¶ 6; #49 at ¶ 6].

12.     On September 14, 2019, an appraisal panel comprised of Springs First appraiser Phil Coutu ("Mr. Coutu"), Ms. Haber (the umpire), and Neil Mekelburg ("Mr. Mekelburg"), published an appraisal award ("Final Award") in the amount of $881,089. [#34-4].

13.     The Final Award is signed by Mr. Coutu, Ms. Haber, and Mr. Mekelburg, and includes September 14, 2019-dated signatures. [#34-4; #34 at ¶ 7].

14.     Pursuant to the Building and Personal Property Coverage Form(E)(4)(g) of the Policy, "[GuideOne] will pay for covered loss or damage within 30 days after [GuideOne]

---

[4] Despite Plaintiff's failure to cite evidence to support this fact, Defendant's attempt to dispute this fact ultimately serves to provide evidentiary support for the same. *See* [#43 at ¶ 5 (citing [#43-2, #43-3])]. Defendant's challenge to the extent of the loss sustained on July 28, 2016 does not dispute the fact that loss was sustained.

receive[s] the sworn proof of loss, if [Springs First] ha[s] complied with all the terms of this Coverage Part, and . . . . (2) An appraisal award has been made." [#43-1].[5]

15.     On August 10, 2020, Springs First formally demanded payment of the Final Award from GuideOne. [#42 at ¶ 10; #42-2; #43 at ¶ 9].

16.     GuideOne has not made payment to Springs First for the actual cash value benefit established by either the Initial or Final Award. [#35 at ¶ 10; #43 at ¶ 10; #48 at ¶ 10].

## ANALYSIS

This court now turns to consider the Motion to Confirm, Defendant's Motion for Partial Summary Judgment, and Plaintiff's Motion for Partial Summary Judgment, in turn.

## I.     Motion to Confirm the Initial Appraisal Award[6]

Defendant seeks a court order confirming the Initial Award signed by GuideOne's appraiser and the umpire on July 19, 2019, and striking the Final Award signed by Springs First's appraiser, the umpire, and Mr. Mekelburg on September 14, 2019. [#34].[7]   According to GuideOne, the Initial Award completed the appraisal process and is binding on the Parties pursuant

---

[5] Plaintiff asserts that GuideOne was obligated under the Policy to pay the Final Award within 30 days but fails to cite any authority to dispute the fact that the express terms of the Policy require both a sworn proof of loss *and* that an appraisal award has been made. *See* [#48 at 9].   Given that Plaintiff concedes that GuideOne provides the "actual contract language" of the Policy verbatim [#48 at 9 ¶ 8], whereas Plaintiff mischaracterizes the same provision by paraphrasing and "summariz[ing]" the same [*id.*], this court considers the Policy language undisputed.

[6] In the instant Motion to Confirm, GuideOne fails to include specific citations to any evidence in the record to support the proffered fact for three of the seven facts set forth in its "Factual Background" section. *See* [#34 at ¶¶ 2, 5, 6 (statements of fact unaccompanied by citations to the record)].   Accordingly, GuideOne fails to properly support these facts and this court declines to consider the same for purposes of determining the enforceability of the Initial Award.   *See* Fed. R. Civ. P. 56(c)(3).

[7] The Oral Argument Hearing evidence and objections need not be considered here because this court finds that, even without consideration of the supplemental authorities and exhibits submitted by Plaintiff ahead of the May 27, 2021 Oral Argument Hearing, Defendant fails to demonstrate that the Initial Award is binding under the Policy.

to the express, unambiguous terms of the Policy. [*Id.* at 3].

Insurance policies must be construed according to principles of contract interpretation. *Hoang v. Assurance Co. of Am.*, 149 P.3d 798, 801 (Colo. 2007).  In Colorado, courts must enforce the plain language of the insurance policy unless it is ambiguous. *Id.*

Pursuant to the Policy, if either party

disagree[s] on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire . . . The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

[#34-5].  Because the Initial Award was allegedly agreed to and signed by GuideOne's appraiser and the umpire on July 19, 2019, GuideOne contends the Initial Award is therefore binding under the express terms of the Policy. [#34 at 3].

Plaintiff challenges the evidence (or lack thereof) proffered by GuideOne to support its position that the Initial Award "was signed by two." [#42 at 7].  Here, Plaintiff argues that there is no evidence that the Initial Award is authentic, that its appraiser or the umpire intended it to be valid or binding, or that the GuideOne appraiser's signature was affixed on any particular date. [*Id.* at 7–8]. GuideOne counters in Reply that whether Ms. Schmidt's signature on the Initial Award is dated is "of no consequence" because the Policy has no requirement for an appraiser to date his or her signature in order to be valid. [#49 at 1–2].

I find GuideOne's argument unpersuasive, given that the entire premise of its Motion to Confirm is the existence of an Initial Award that became binding <u>on July 19, 2019</u> upon signatures from the umpire <u>and Ms. Schmidt</u>, thereby predating and nullifying the September 14, 2019 Final Award.   Indeed, GuideOne argues that the Initial Award is binding because it "was agreed to <u>and</u> <u>signed by appraiser Schmidt</u> and umpire Haber <u>on July 19, 2019</u>." [#34 at 3 (emphasis added)].

But other than the Initial Award, which does not include the date of Ms. Schmidt's signature, *see* [#34-3], GuideOne fails to point to sufficient evidentiary support in the record for the court to conclude, as a matter of law, its position that the Initial Award was "signed by two" (i.e., became binding) <u>prior to</u> the Final Award.  This fact is material, and because it is disputed, precludes what essentially would be judgment as a matter of law in favor of GuideOne.

Accordingly, the Motion to Confirm the Initial Appraisal Award is **DENIED.**

**II.** **Defendant's Motion for Partial Summary Judgment**

GuideOne seeks summary judgment on Plaintiff's bad faith claims (Counts II and III).  Specifically, GuideOne asserts that Springs First's actions bar its bad faith claims as a matter of law because Springs First (a) asserts a statutory bad faith claim premised on damages that were not caused by GuideOne; and (b) makes no factual allegations nor produces any evidence of GuideOne's reckless conduct to support its common law bad faith claim. [#33].  In addition, buried in a paragraph in the final subsection of its Motion for Summary Judgment, Guide One "moves . . . for summary judgement [sic] on the replacement cost portion of claimed damages under the breach of contract claim . . . due to Plaintiff's failure to conduct any repairs within two years of the loss as required by the policy." [*Id.* at 6].

***Legal Standards.***  Where the summary judgment movant does not have the burden of proof at trial, it must identify why the non-movant cannot make a prima facie showing—that is, why the evidence in the record shows that the non-movant cannot establish a particular element of its claim. *See Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). The burden then shifts to the non-movant, who must come forward with sufficient, competent evidence to establish a prima facie claim or defense to survive summary judgment and proceed to trial. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Plaintiff's statutory bad faith claim is a distinct cause of action from its common law bad faith claim. To establish a claim for statutory unreasonable delay or denial of insurance benefits, Springs First must prove that GuideOne delayed or denied payment of a covered benefit "without a reasonable basis." Colo. Rev. Stat. § 10-3-1115(1)(a).  To establish a claim for common law bad faith breach of insurance contract, Plaintiff must establish that GuideOne "acted unreasonably and with knowledge of or reckless disregard for the fact that no reasonable basis existed for denying the claim." *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018).

***Lack of Evidentiary Support.*** In the "Facts" section of Defendant's Motion for Partial Summary Judgment, GuideOne asserts that there is "no genuine issue of material fact" about the information contained in six enumerated paragraphs. [#33 at 1 & ¶¶ 1–6].  But for one exception, Defendant fails to cite any evidentiary support therein—and the only evidence to which Defendant cites does not actually support any of its proffered facts. For example, Paragraphs 1 through 3, 5, and 6 contain factual allegations and no citation to the record. [*Id.* at ¶¶ 1–3, 5, 6].  The only citation to the record appears in Paragraph 4, wherein GuideOne cites generally to the Policy (without citing to any specific provision therein). The factual assertions contained in Paragraph 4 include the following:

> Given the Plaintiff's refusal to conduct repairs, and pursuant to the insurance policy, attached as Exhibit A, GuideOne has negotiated with a qualified contractor to perform the repairs identified by the appraisers. Plaintiff has refused to allow contractor access or permitted it to make any repairs. Instead, Plaintiff claimed that a statutory provision . . . excused its performance under the contract and presumably excused its performance of repairs. The provision is a part of a uniform law and a similar provision has been unconstitutional by a state court in another jurisdiction.

[*Id.* at ¶ 4 (citing [#33-1])].  But the Policy itself cannot provide evidentiary support for the proffered facts that (a) GuideOne negotiated with a qualified contractor to perform repairs identified by the appraisers; (b) Plaintiff has refused to allow contractor access or permit repairs; (c) Plaintiff claims that its performance obligations are excused pursuant to a statutory provision;

or (d) a state court in another jurisdiction has found a similar provision in another state unconstitutional. [*Id.*].[8]  Quite simply, GuideOne fails to offer any evidentiary support for any of the facts set forth in its Motion for Partial Summary Judgment.

I consider whether Defendant has nevertheless demonstrated an entitlement to summary judgment in its favor with respect to Plaintiff's statutory claim, the availability of replacement damages under Plaintiff's breach of contract claim, and Plaintiff's common law bad faith claim in turn.

### A.      Statutory Bad Faith Breach of Insurance Contract

GuideOne argues that because the Policy requires the insured to begin repair or replacement work within two years of the loss date in order to receive indemnity for the cost of replacement; more than two years have passed since the date of loss; Springs First has not conducted repairs or replacement of the damage to the Buildings; and GuideOne has neither interfered with this Policy requirement nor extended it, any damages incurred by Springs First

---

[8] Even in Reply, GuideOne fails to cite to the record to support its counterarguments to the factual challenges raised in Plaintiff's (also non-compliant) Response. *See, e.g.*, [#47 at 2–4 (citing no evidence in paragraphs labeled "FACT 4" and "FACT 6")].  In the paragraphs that do reference the record in any way, the evidence cited does not actually support the proffered facts. *See, e.g.*, [*id.* at 2 ("FACT 2") (citing the Policy to support fact that "GuideOne has attempted to perform repairs . . . which Plaintiff has refused to allow")].  GuideOne also impermissibly adds tangential facts that it failed to assert in its Motion. *Compare* [*id.* at 2 ("FACT 3") (citing [#43-2, #43-3] and asserting facts concerning Nelson Forensics' inspection of Plaintiff's roofs and Nelson Forensics' conclusion that two storm events occurred)] *with* [#34 at ¶ 3 ("Payments for the actual cash value have been made to the Plaintiff by GuideOne. Notwithstanding payments received, Plaintiff has not performed any significant repair work of the hail damaged roof.")]; *compare* [#47 at 3 ("FACT 5") (citing [#43-2, #43-3] and asserting that "Nelson Forensics inspected Plaintiff's roofs after each event and found the majority of distress relates to the second storm event")] *with* [#33 at ¶ 5 ("Plaintiff has a significant deductible [greater than $100,000] which it has not committed to repairing its building.")] (brackets in original). *See also* NYW Civ. Practice Standard 56.1 ("[A]ll replies must similarly respond to said facts with citations to specific evidence in the record, but <u>may not include any additional facts</u> not already offered in the motion or response.").  Accordingly, I do not find that GuideOne's Reply offers any factual support for its Motion for Partial Summary Judgment.

premised on unreasonable delay are the result of Springs First's—and not GuideOne's—actions. [#33 at 5]. Defendant contends that because any "failure to conduct repairs or replacement lies solely with Plaintiff," then "as a matter of law, any damages due to an unreasonable delay are the result of the actions of the Plaintiff" and "any replacement cost damages are barred by the terms of the policy." [*Id.*].

Yet Defendant fails to cite <u>any</u> evidentiary support for most of the material facts upon which the foregoing arguments rely. *See generally* [*id.*]. Fatal to Defendant's entitlement to summary judgment here is its failure to show, via specific citations to the record, evidence that (a) Springs First has not conducted any repairs to the Buildings since the date of loss, or (b) GuideOne has not interfered with the two-year repair requirement set forth in the Policy.

Moreover, despite asserting that "the proper analysis is whether Plaintiff was damaged by an unreasonable delay in payment of benefits *caused* by GuideOne," [#33 at 2], Defendant fails to cite to any binding authority to support its arguments for summary judgment on Plaintiff's statutory bad faith claim under Colorado law. Indeed, Defendant cites to just two cases in seeking summary judgment on Plaintiff's statutory bad faith claim: (1) a 1994 opinion from the District of South Dakota holding that a South Dakota state statute concerning insurers' provision of particular repair businesses to insureds was unconstitutionally restrictive [*id.* at 4 (citing *Allstate Ins. Co. v. South Dakota*, 871 F. Supp. 355 (D.S.D. 1994))]; and (2) a 1954 opinion from the Colorado Supreme Court considering an <u>employment contract dispute</u> for the general proposition that "[i]n a situation where reasonable minds might not agree, judgement [sic] as a matter of law is appropriate," [*id.* at 5 (citing *Maercklein v. Smith*, 129 Colo. 72, 81, 266 P.2d 1095, 1099 (1954))].

Defendant's Motion, "through its limited analysis and scant legal authority, is not adequate to satisfy [Defendant's] initial burden as summary judgment movant[]." *Polley v. Xurex, Inc.*, No.

11 CV 00861 MCA/RHS, 2013 WL 12062960, at *2 (D.N.M. Mar. 30, 2013) (denying plaintiffs'

motion for summary judgment on defendant's counterclaim); *see also Robey–Harcourt v.

BenCorp Fin. Co.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments

with legal authority."); *Rios v. Ziglar,* 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) (same).   Again,

Defendant fails to cite any legal authority to support its arguments concerning the statutory

claim—including even the relevant statute under which Plaintiff asserts its claim—in its Motion

for Partial Summary Judgment.[9]

Defendant's Motion for Partial Summary Judgment does not present sufficient facts or

legal authority to support its position.  Therefore, on the record presented, I find that Defendant

has not carried its initial burden to demonstrate the absence of a dispute of material fact and its

entitlement to a judgment as a matter of law. *See Acosta v. Maranto*, No. CIV-15-1378-D, 2017

WL 4158659, at *3 (W.D. Okla. Sept. 19, 2017) (denying summary judgment for defendant's

failure to present sufficient facts or legal authority); *Polley*, 2013 WL 12062960, at *2 (citing

*Fitzpatrick v. Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) ("If the party moving for summary

judgment fails to discharge the initial burden, then the motion must be denied and the court need

not consider what, if any, showing the non-movant has made.")).   Accordingly, Defendant's

---

[9] GuideOne introduces for the first time in Reply its argument that Plaintiff has failed to adduce evidence to show that GuideOne unreasonably delayed paying the claim. *Compare* [#33] *with* [#47].  In contrast, Defendant's Motion for Partial Summary Judgment asserts only causation arguments with respect to Plaintiff's statutory claim [#33 at 2 ("The proper analysis is whether Plaintiff was damaged by an unreasonable delay in payment of benefits *caused* by GuideOne." (emphasis is original)); *id.* at 5 ("[A]ny damages <u>due to</u> an unreasonable delay <u>are the result of</u> the actions of the Plaintiff." (emphasis added)); *id.* ("Any damages . . . sustained due to the delay were caused by the Plaintiff.")], and lack of evidence to support the "recklessness" element of Plaintiff's common law claim [*id.* at 6 ("Again, reasonable minds cannot disagree that Plaintiff has failed to adduce evidence of reckless conduct by GuideOne in rejecting the claim of the Plaintiff.")].  I therefore decline to consider Defendant's reasonableness arguments and/or whether the same can save its otherwise deficient Motion for Partial Summary Judgment.

Motion for Partial Summary Judgment as to Count III is **DENIED**.

      **B.**      **Replacement Damages for Breach of Contract**

GuideOne "moves . . . for summary judgement [sic] on the replacement cost portion of claimed damages under the breach of contract claim . . . due to Plaintiff's failure to conduct any repairs within two years of the loss as required by the policy." [#33 at 6]. Elsewhere in Defendant's Motion for Partial Summary Judgment, GuideOne asserts that "any replacement cost damages are barred by the terms of the policy." [*Id.* at 5]. This is the extent of GuideOne's arguments for summary judgment on the issue of replacement damages under the Policy. For the same reasons set forth above, Defendant thus fails to establish its entitlement to summary judgment on the issue of replacement damages. Accordingly, Defendant's Motion for Partial Summary Judgment as to the availability of replacement damages under Count I is **DENIED**.

      **C.**      **Common Law Bad Faith Breach of Insurance Contract**

Insofar as Defendant seeks summary judgment on Plaintiff's common law bad faith claim, Defendant must show the absence of a genuine fact issue, which it may do "simply by pointing out to the court a lack of evidence . . . on an essential element of [Plaintiff's] claim" because Defendant does not bear the burden of persuasion at trial. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998).

GuideOne argues that summary judgment on Plaintiff's common law bad faith claim is warranted because Springs First fails to allege any denial or reckless conduct on the part of the insurer, and similarly lacks evidentiary support for the same. [#33 at 5 ("[A]n insurer must exercise reasonable care with respect to third-party claims but merely avoid recklessly rejecting claims by an insured party himself.") (citing *Lazar v. Riggs*, 79 P.3d 105, 108 (Colo. 2003))]. Specifically, GuideOne asserts that there is no evidence that it rejected Springs First's claim, and Springs First

has not identified any witness to testify as to reckless conduct or any breach of the applicable standard of care by GuideOne. [*Id.* at 5–6].

Here, I find that Defendant satisfies its burden by pointing out the lack of evidence concerning GuideOne's reckless conduct, an essential element of Plaintiff's common law bad faith claim. *See, e.g.*, [#33 at 6 ("Plaintiff has not identified any witness to testify as to reckless conduct—or any type of breach of the standard of care—by GuideOne."); *id.* ("Plaintiff has failed to adduce evidence of reckless conduct by GuideOne in rejecting the claim of the Plaintiff. GuideOne has not . . . denied the Plaintiff's claim. . . . [S]ince there was no denial, there is no evidence of reckless denial.")]. Because Defendant has therefore carried its initial burden, the burden then shifts to Plaintiff "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial." *Adler*, 144 F.3d at 671 (quotation omitted).

Springs First responds to Defendant's common law bad faith breach arguments with a lengthy recitation of case law. [#41 at 9–10]. But remarkably absent from the Response is any citation to even a single fact supporting Plaintiff's claim before Plaintiff concludes that the Defendant has failed to show that "there is no evidence to support an essential element of Spring First Church's claim." [*Id.* at 10–11]. Plaintiff offers no "specific facts" supporting the recklessness element of its common law bad faith breach claim "that would be admissible in evidence" or otherwise. *Adler*, 144 F.3d at 671. Plaintiff therefore fails to make the requisite showing to survive summary judgment on its second claim for relief. Accordingly, Defendant's Motion for Partial Summary Judgment is **GRANTED IN PART** insofar as it seeks summary judgment on Count II for common law bad faith.

### D.    Alternative Remedies

In the alternative to summary judgment in its favor, GuideOne asks the court for "some

form of relief" and suggests various remedies, including, *inter alia*: (a) that GuideOne "be permitted to perform the repairs per the insurance contract and the Plaintiff be ordered to cooperate with the contractor's repairs" [#33 at 7 ¶ 1]; (b) a jury instruction regarding penalties under Colo. Rev. Stat. §§ 10-3-1115, -1116 [*id.* at ¶ 2]; and (c) that GuideOne be permitted to introduce evidence of Springs First's "reckless conduct and unreasonably delaying tactics as comparative negligence" [*id.* at ¶ 3].   Defendant offers neither legal authority nor argument to support the foregoing alternative remedies. The court declines to grant relief on the basis of such threadbare requests or authority.   Accordingly, the alternative relief requested in Defendant's Motion for Partial Summary Judgment is **DENIED**.

### III.   Plaintiff's Motion for Partial Summary Judgment

A movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. *Lupia v. Medicredit, Inc.*, 445 F. Supp. 3d 1271, 1276-77 (D. Colo. 2020) (citing *In re Ribozyme Pharm., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)).   Here, there is no doubt that Plaintiff bears the burden of proof. Yet in seeking summary judgment on its breach of contract and bad faith breach of insurance contract claims, Plaintiff fails to articulate the elements of either claim.   [#35].   Plaintiff provides neither the elements of a breach of contract claim nor the elements of a bad faith breach of contract claim under Colorado law in its Motion for Partial Summary Judgment. [*Id.*].   Indeed, save for another lengthy recitation of the legal principles applicable to summary judgment motions generally [*id.* at 4–5], and general principles of contract interpretation under Colorado law [*id.* at 5–7], Plaintiff fails to cite <u>any</u> legal authority in its Motion for Partial Summary Judgment to support its arguments [*id.* at 7–9].

This court declines to grant summary judgment on claims for which Plaintiff bears the

burden of proof because, *inter alia*, Plaintiff fails to provide the court with the applicable law. Plaintiff simply cannot demonstrate entitlement to judgment as a matter of law without connecting undisputed facts to <u>the essential elements of its claims under applicable law</u>. *See Rivera v. State Farm Mutual Auto. Ins. Co.*, No. 16-cv-00227-MSK-MJW, 2017 WL 4012134, at *2 (D. Colo. Sept. 12, 2017) ("The consideration of a summary judgment motion requires the Court to focus on the asserted claims and defenses, their legal elements, and which party has the burden of proof. Substantive law specifies the elements that must be proven for a given claim or defense . . . .") (citing *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505; *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989)). Given that Plaintiff fails to meet its initial burden, my inquiry ends here. *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) ("[T]he moving party must establish, as a matter of law, all essential elements of the [claims on which summary judgment is sought] before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case.").

Plaintiff has not demonstrated an entitlement to judgment as a matter of law on any of its claims.  Accordingly, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)    Defendant's Motion for Summary Judgment on Bad Faith Claims [#33] is **GRANTED IN PART** and **DENIED IN PART**;

(2)    Summary judgment is **GRANTED** in Defendant's favor on Plaintiff's claim for common law bad faith breach of insurance contract (Count II) and **DENIED** in all other respects;

(3)     Defendant's Motion to Confirm the Initial Appraisal Award and Strike the Disputed

        Award [#34] is **DENIED**;

(4)     Plaintiff's Motion for Partial Summary Judgment [#35] is **DENIED**; and

(5)     All outstanding deadlines, including the trial set to commence on November 1,

        2021 **REMAIN SET**.


DATED:  August 10, 2021                          BY THE COURT:

                                                 _____
                                                 Nina Y. Wang
                                                 United States Magistrate Judge